Before STATE INDUSTRIAL BOARD, Respondent.

STEPHEN J. RYAN, Respondent, *v.* VANDAM WAREHOUSE CO., INC., and Another, Appellants.

Third Department, March 5, 1924.

**Workmen's compensation — claimant, injured in fall of elevator which he was operating, later found to be suffering from valvular heart disease rendering him unable to work — award based on heart disease reversed — evidence fails to show that heart disease resulted from accident.**

An award made to an elevator operator upon the theory that he was suffering from valvular heart disease rendering him unable to work, as a result of the falling of an elevator which he was operating, must be reversed, where it appears that no causal relation is shown to have existed between the accident and the valvular disease of the heart, and that there is no evidence that the claimant had heart disease until about seven months after the accident.

APPEAL by the defendants, Vandam Warehouse Co., Inc., and another, from a decision and award of the State Industrial Board, made on the 30th day of April, 1923.

*A. G. Maul* [*Paul Koch* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The claimant was an elevator operator. On September 15, 1921, the elevator which he was operating dropped from the fourth floor to the basement causing injuries to his feet and ankles and a severe shock. The State Industrial Board after describing said injuries in its findings continued its findings as follows: " Which injuries, together with the shock, so affected claimant's heart as to cause him to suffer from valvular heart disease; the valvular heart disease being the direct result of the injuries, which he sustained on September 15, 1921, and all of which injuries, together with their resultant effects caused claimant to be disabled from September 15, 1921, to May 4, 1923, on which date he was still disabled." The evidence discloses that the claimant has a severe valvular heart disease and that such disease is the principal cause of his inability to work. There is no evidence, however, connecting this valvular heart disease with the accident. There is no evidence that he had heart disease until about seven months after the accident. For more than five years before the accident he lost no time because of illness. It is true that he was able to perform no work after the accident except for about one week in the following April but that was due or may have been due to the injury to his feet. The first evidence of heart disease appears in April, 1922, when his physician, Dr. Nolan, began to attend him. This physician thereafter attended him from time to time until the award in question was made. He testified that the heart disease " was aggravated by the accident probably." That, of course, was on the assumption that such disease existed at the time of the accident, but, as before stated, of this fact there is no evidence. The physician specifically stated that he did not know whether claimant's heart was in a weak condition at the time of the accident. He did not venture a professional opinion that such was the case nor did he state that if such were not the case the condition of his patient could have been caused by the accident. That he did not intend to be understood as meaning anything more than that an existing valvular disease of the heart would have been aggravated by the accident is clear from the fact that he was shown a report of Dr. Lewy, physician of the State Industrial Board, stating there was no relation between the heart difficulty and the accident, and his only comment thereon was that the heart disease " would be aggravated by the injury." In answer to a suggestion that his testimony implied that the heart

trouble was present at the time of the accident he responded: " That is a difficult matter to answer. He may have had a weak heart." His evidence falls short of showing either that the claimant had an existing heart disease at the time of the accident or that if he did not then have such disease it could have been produced by the accident. The findings of the Board in respect to the valvular heart disease are, therefore, unsupported by the evidence.

For the reason, therefore, that no causal relation is shown to have existed between the accident and the valvular disease of the heart from which the claimant is suffering and which disease constitutes the principal if not the only cause of his present inability to work, the award should be reversed and the proceeding remitted to the State Industrial Board, with costs against said Board.

All concur.

Award reversed, with costs against the State Industrial Board, and proceeding remitted to said Board.